1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BOBBY LEE COLLINS                          2:24-cv-1091-CKD P

12                  Plaintiff,

13          v.                                   ORDER

14    J. MARFIL, et al.,

15                  Defendants.

16

17          Plaintiff Bobby Collins, a state prisoner, proceeds in forma pauperis and without counsel.

18    This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1).

19    Plaintiff's first amended complaint (ECF No. 14)[1] is before the court for screening under 28

20    U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a prisoner has raised

21    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

22    granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

23    § 1915A(b)(1), (2).

24          In the first amended complaint, plaintiff alleges he signed up to use the ADA disability

25    caption phone, but the three correctional officers at New Folsom State Prison named as

26

---

27    [1] Portions of plaintiff's first amended complaint are difficult to decipher due to nearly illegible
      handwriting. In order to find plaintiff has given fair notice of any claims, the court must be able to
28    read plaintiff's allegations.

                                                     1

defendants acted negligently, discriminated against him, and violated his right to use the caption phone. (ECF No. 14.) Defendant Marfil did not let plaintiff use the caption phone. (Id. at 3.) Defendant York told plaintiff it was not his job to get plaintiff down to C yard Sergeant's office to use the caption phone. (Id. at 4.) It appears plaintiff is also alleging Defendant Manreno failed to assist plaintiff to use the caption phone. (Id. at 5.)

Plaintiff's allegations that the defendants prevented him from using the ADA disability caption phone—or failed to assist him in using the ADA disability caption phone—do not suffice to state a claim under Title II of the Americans with Disabilities Act ("ADA"). As the court previously informed plaintiff (see ECF No. 9 at 4-5), in order to state a claim under the ADA, plaintiff must plead facts to show he "(1) [ ] is a qualified individual with a disability; (2) [ ] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). In other words, instead of merely concluding that the defendants discriminated against him, plaintiff must plead factual allegations about his disability and explain how he was discriminated against by reason of his disability.

Plaintiff also has not identified a right secured by the Constitution or laws of the United States that was violated by a defendant as required to state a claim under 42 U.S.C. § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Thus, allegations that each of the defendants engaged in discrimination, negligence,[2] and causing deprivation of plaintiff's right to use the caption phone do not state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (in order to state a cognizable claim, a complaint must contain more than "naked assertions"; it must contain factual allegations

---

[2] In addition, as a violation of state law, negligence is not sufficient to support a claim for relief under 42 U.S.C. § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over a state law negligence claim, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

sufficient "to raise a right to relief above the speculative level"). To any extent plaintiff attempts to state a claim under the Eighth Amendment, plaintiff must allege facts showing (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) the defendant acted with deliberate indifference to the prisoner's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff's vague allegations about being prevented or not helped to use the caption phone do not survive screening for a claim under the Eighth Amendment.

The first amended complaint fails to state a claim, but plaintiff is granted another opportunity to amend. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). In the alternative, plaintiff may file a notice of voluntary dismissal which will terminate this action by operation of law.

**Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English. This is not intended as legal advice.

Your amended complaint does not state a claim for the same reasons your original complaint failed to state a claim. If you choose to file a further amended complaint, it should contain more factual allegations about your disability and how you were prevented from using the caption phone based on or because of your disability, or otherwise discriminated against you based on or because of your disability. You should also take care to write legibly so that the court can read your complaint. If you do not wish to pursue this case further, you may file a notice of voluntary dismissal.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1   Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint

2   must bear the docket number assigned this case and must be labeled "Second

3   Amended Complaint." Failure to file an amended complaint in accordance with this

4   order will result in a recommendation that this action be dismissed.

5   Dated:  April 1, 2025

6   _____
    CAROLYN K. DELANEY
7   UNITED STATES MAGISTRATE JUDGE

8

9   8, coll1091.scrn.fac

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28